**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MAURICE GAY, | : | |
| | : | Civil Action No. 10-3983 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WAKEFERN FOOD CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff pro se
Maurice Gay
Trenton State Prison
P.O. Box 861
Trenton, NJ 08625

**HOCHBERG**, District Judge

   Plaintiff Maurice Gay, a prisoner currently confined at Trenton State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on or about June 15, 2010, while incarcerated at Trenton State Prison, he received a carton of strawberry-banana yogurt, distributed by Wakefern Food Corporation, that was "bad" and made him physically ill for two or three days.

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.  He names as the sole defendant Wakefern Food Corporation of Elizabeth, New Jersey, and he seeks damages for pain and suffering, mental anguish, and embarrassment in the total amount of $40,000.

II.  ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art &

Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992).  Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment."  Smith v. McCullough, 270 U.S. 456, 459 (1926).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).  This complaint does not meet the requirements either for federal-question jurisdiction under 28 U.S.C. § 1331 or for diversity jurisdiction under 28 U.S.C. § 1332.

A.   28 U.S.C. § 1331

Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Although Plaintiff asserts that his claims arise under 42 U.S.C. § 1983, thus invoking § 1331 federal-question jurisdiction, the facts pleaded by him reveal no claim arising under § 1983.

More specifically, Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). The basis of Plaintiff's action, however, is that the defendant distributed "bad" yogurt. This does not state a claim for a violation of a right secured by the Constitution or law of the United States.

In addition, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has caused it to be performed." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001).

Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995), cert. denied 516 U.S. 858 (1995) (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).  State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains.  Mark, 51 F.3d at 1141-42.  "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'"  Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the

5

private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143.  See also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"), cert. denied , 519 U.S. 1111 (1997); Jones v. Arbor, Inc., 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state).  Here, Plaintiff alleges no facts that would permit this Court to find that Wakefern Food Corporation acted under color of state law within the meaning of § 1983 when it distributed its yogurt.

Thus, it does not appear that this Court can exercise jurisdiction over this action under § 1331.

B.  <u>28 U.S.C. § 1332</u>

Although Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332; this Court will consider whether it can exercise jurisdiction under that provision.

Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, <u>i.e.</u>, each plaintiff must be a citizen of a different state from each defendant.  <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  <u>Id.</u>

A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 (5th Cir. 1979); <u>see also</u> <u>Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.</u>, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure

7

to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). Here, however, Plaintiff alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the defendant.

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Although Plaintiff has listed a New Jersey address for Wakefern Food Corporation, he has failed to allege either that Wakefern Food Corporation is incorporated in New Jersey or that it has its principal place of business in New Jersey.

Specifically with respect to individuals, in addition,

> For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at

532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)).  Plaintiff has alleged no facts regarding his own citizenship.  The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey.

Finally, the claimed damages amount to only $40,000, so the claim does not reach the required jurisdictional amount of $75,000.  For all the foregoing reasons, diversity jurisdiction is lacking.  See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

### III.   CONCLUSION

For the foregoing reasons, this Court will dismiss this action for lack of subject matter jurisdiction.  As Plaintiff has plead damages less than the required jurisdictional amount, it does not appear that he can cure the lack of diversity jurisdiction under 28 U.S.C. § 1332.  Nevertheless, if Plaintiff can plead facts sufficient to demonstrate that this Court has

9

subject matter jurisdiction to entertain this action under 28 U.S.C. § 1331, he may move to re-open this action.  Any such motion must be accompanied by a proposed amended complaint asserting the appropriate jurisdictional facts.

    An appropriate order follows.

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

DATED: May 24, 2011